## KANE v. ERIE R. CO.

(Circuit Court, N. D. Ohio, E. D. April 4, 1904.)

No. 5,766.

1. MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS—STATE STATUTES—FEDERAL COURTS—EFFECT.

Since, in the federal courts, negligence of a superior servant does not create liability of the master for injuries to an inferior servant, Rev. St. Ohio, § 3365-22, providing that every person in the employ of a railroad company, having charge or control of employés in any separate branch or department, shall be held to be the superior, and not the fellow, servant of employés in any other branch or department who have no power to direct or control in the branch in which they are employed, does not create a liability of the master to an inferior servant for injuries sustained through the negligence of the superior servant, enforceable in the federal courts.

2. SAME—CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS.

Rev. St. Ohio, § 3365-22, providing that every person in the employ of a railroad company, having charge or control of employés in any separate branch or department, shall be held to be the superior, and not the fellow,

servant of employés in any other branch or department who have no power to direct or control in the branch or department in which they are liable, is in violation of Const. Ohio, art. 1, § 2, providing that government is instituted for the equal protection and benefit of the people. in that the benefits of the section are restricted to those who have no power to direct or control in the branch or department in which they are employed.

This is an action brought by the plaintiff, as administratrix, to recover for the alleged wrongful death of Thomas M. Kane, a fireman in the employ of the defendant company, which occurred December 17, 1897.

The petition alleges that the death of the plaintiff's decedent was caused by the negligence of an engineer, who was running another of the defendant's company's trains than that on which said decedent was employed, and the right to recover is based upon section 3365–22 of the Revised Statutes of Ohio, under the provisions of which the alleged negligent engineer would be held to be the superior, and not the fellow, servant of said decedent. At the trial the defendant objected to the introduction of any evidence under plaintiff's petition, for the reason that said petition did not state facts sufficient to constitute a cause of action, and moved the court to enter final judgment upon the pleadings in favor of the defendant and against the plaintiff.

Geo. F. Arrel and T. McNamara, Jr., for plaintiff.
Cushing & Clarke, for defendant.

WING, District Judge (after stating the facts as above). My first reason for sustaining the objection to the introduction of any testimony under the petition in this case is that in the case of Baltimore & Ohio Railroad Company v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914. 37 L. Ed. 772, it was decided that a question of liability by reason of the negligent acts of a fellow servant, and what relation constituted one a fellow servant, was a question of general law, and that the solution of the question as to whether one person is the fellow servant of another is not based upon the superiority of one over the other, but upon the character of labor in which they are engaged, and that, if two are working together, they may be fellow servants, notwithstanding that one is superior in authority to the other. The statute relied upon in this case (section 3365–22 of the Revised Statutes of Ohio), when forming the basis of an action in the courts of the state of Ohio, has read into it the ruling of the Supreme Court of Ohio, to the effect that the negligence of a servant superior to another servant is, with respect to the latter, by reason of such superiority, the negligence of the master. When an action is brought in the federal courts, the statute should have read into it the decisions of the federal courts with respect to fellowship in service. The statute does not, in terms, create liability, and only has that effect when it is assumed that negligence by a superior servant creates liability of the master to the inferior. But since, in the federal court, negligence of a superior does not create liability of the master to the inferior, the statute creates no right of action in the federal court.

My second reason is that, in my opinion, the third section of the act, which is section 3365–22 of the Revised Statutes, is in contravention of section 2 of article 1 of the Constitution of Ohio, which provides that government is instituted for the equal protection and benefit of the people. Assuming that the section of the statutes referred

to creates a liability, and consequently a right of action, it withholds that right of action by the exception found in the last two lines of the statute from general operation.    The provision of the statute is:

"* * * that every person in the employ of such company having charge or control of employés in any separate branch or department, shall be held to be the superior and not fellow servant of employés in any other branch or department who have no power to direct or control in the branch or department in which they are employed."

We may understand the operation of this provision of the statute by applying it to the incident which gives rise to this suit.    Two engines belonging to the defendant railroad company collide.    This collision is occasioned by the negligence of the engineer of engine No. 1.    Such engineer has control of his fireman.    The collision results in the injury of both the engineer and fireman of engine No. 2. If the negligence of the engineer of engine No. 1 is attributable to his master, then there should be a right of action, on account of such negligence, in favor of both the engineer and the fireman of engine No. 2, except for the defense of fellow servant.    The right of action, however, by the statute, is allowed to the fireman, and withheld from the engineer, by a fact which has in no wise had to do with the causing of the injury.    We may go further, so as to relieve the question from the level rank of the two engineers.    Suppose that on engine No. 2 there is a coal passer, who, by the rules of the company, is under the charge or control of the fireman, and who has no one under his charge or control.    Then a right of action for this accident would be given to the coal passer, and withheld from the fireman, by the arbitrary distinction made in the statute.    Before the passage of the statute, no right of action, under similar circumstances, would have existed in favor of either the engineer, fireman, or coal passer of engine No. 2.    The statute attempts to make a classification between individuals who may have a right of action, and bases that classification upon a fact which has had nothing to do with occasioning the accident, and over which the person injured has had no control.    The law does not operate to equally protect the persons injured, or liable to be injured.    Although I have used the word "classification," we cannot say that the Legislature, in enacting this section of the statute, has made a classification.    It rather has delegated to the railroad company the right to make the classification which will serve as the criterion of its own liability, because by its rules and its acts a right of recovery for an injury can be prevented.    It lies entirely within the power of a railroad company as to whether or not a servant shall have charge and control of another servant, as, we may suppose, a railroad company, for the purpose of relieving itself from liability, puts upon each of its trains a boy, who, under its rules, is in the charge and under the control of every other employé on the train.    The only liability, then, of the railroad company, for a collision occasioned by the negligence of an employé on another of its trains, would be to this boy; and this, by reason of the creation of facts which are the basis of the assumed classification established by the statute.    The statute might as well have read that, "in the event of injury occasioned by the negligence of an employé in a separate

branch or department, right of action, notwithstanding the doctrine of fellow servant, shall exist in favor of those only whom the railroad company shall designate." For the reasons given, I hold that so much of section 3365–22, Rev. St. Ohio, as provides that "every person in the employ of such company having charge or control of employes in any separate branch or department, shall be held to be the superior and not fellow servant of employés in any other branch or department who have no power to direct or control in the branch or department in which they are employed," is unconstitutional, because its benefits are restricted to those who have no power to direct or control in the branch or department in which they are employed.